ISALES *v.* MAESO ET AL.

APPEAL from the District Court of San Juan.

No. 650.—Decided December 15, 1910.

SURVEY—FIXING OF BOUNDARIES.—In determining and fixing the boundaries of a property, the dividing line indicated by natural objects must be accepted in preference to such as may result from mathematical calculations, and as a natural boundary of the property involved in the case at bar exists, the same being a row of trees which has for a long time been considered as the real boundary line between the two properties, and a preponderance of the evidence being in favor of this contention, it was not error for the trial court to designate the same as the boundary line between the two properties referred to.

The facts are stated in the opinion.

*Messrs. Bosch & Soto* for appellants.

*Mr. Eugenio Benítez Castaño* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a case concerning the boundary line between two tracts of land belonging to the respective parties. There are two points undisputed, the beginning and the end of the boundary line; but the course of the line between these two points is the question in dispute. The appellants contend that this line should be straight, covering the shortest distance between the initial and the terminal point. The respondent maintains that the line, in proceeding from one point to the other follows a tortuous course, marked by a line of trees and a hedge of *malla* plants, which have been recognized as the boundary for many years. The latter line was established by the judgment from which this appeal was taken.

The difference between the two lines is alleged to amount to four acres which the plaintiff would lose if the straight line should be established as the correct one.

The appellant in his brief, following the established rule, formulates and sets out an assignment of errors which are as follows:

### ASSIGNMENT OF ERRORS.

"First. Section 1182 of the Civil Code and section 108 of the Law of Evidence provide that 'the party holding the affirmative of the issue must produce the evidence to prove it'; and this provision has not been complied with by plaintiff, because he has not proven that he has been dispossessed of any land and that the amount of which he has been dispossessed amounts to four acres.

"Second. Section 101, paragraph 3, of the Law of Evidence, provides that 'whenever a party has, by his own declaration, led another to believe a particular thing true and to act upon such belief, he cannot, in any litigation arising out of such declaration, be permitted to falsify it'; and as in the present case the plaintiff made it to be known that he desired to have his rights established and the bound-

aries of his property settled, he could not afterwards allege in the action that said boundaries were well known.

"Third. Section 162 of the very Law of Evidence, in paragraph 5, provides that 'in civil cases the affirmative of the issue must be proved, and when the evidence is contradictory, the decision must be made according to the preponderance of proof'; and as in the present action our evidence, consisting of public documents and expert testimony, in connection with the matter under litigation, had not been contradicted except by witnesses whose testimony was not pertinent to the controverted facts, it is clear that on this point the judgment also violates the said section."

These points will be examined in their order and in accordance with the rules of this court; all other errors, if there be any, will be considered as waived.

The first assignment of error asserts the legal principle that the burden of proof rests on the plaintiff to make out his case; and alleges that he has failed in this respect. There is no question as to the correctness of the legal precept which is set out in section 108 of the Law of Evidence, which virtually reenacts and expands section 1182 of the Civil Code. (See Laws of 1905, p. 91, and Civil Code, p. 1035.) The trial court found that the proof showed that the line claimed by the plaintiff was the original line designated by a row of trees and that he had been deprived of the land lying between the two lines. We are clearly convinced that this view is sustained by the evidence as it is recorded in the statement of facts.

The second assignment of error virtually sets out the doctrine of estoppel and claims its protection, as it is set out in paragraph 3 of section 101 of the Law of Evidence. (See Sess. Acts of 1905, p. 88.) As we look at the record this question of estoppel does not arise in this case. The evidence is somewhat vague as to what was said and done by the different parties while they were trying to settle the controversy before this suit was begun; but no declaration was made by the plaintiff which would amount to an estoppel.

. The third assignment has reference to the amount of proof necessary to justify a judgment in favor of a plaintiff; announcing that in civil cases the judgment must be rendered according to the preponderance of evidence.

The evidence is to some extent contradictory but the great preponderance of evidence is in favor of the plaintiff who prevailed in the court below. In the establishment of boundary lines natural objects must prevail over mathematical lines; and the row of trees which had long been recognized as the correct boundary was properly regarded by the trial court as such. We believe that in the judgment rendered by the court below justice has been attained and, no error appearing, it should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.